# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA SLOAN, | ) | |
| Petitioner, | ) | Civil Action No. 07-57 |
| v. | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, *et al.*, | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

The instant petition for Writ of Habeas Corpus was filed by Patricia Sloan ("petitioner" or "Sloan") pursuant to 28 U.S.C. § 2254, was submitted to the court on January 12, 2007, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. The case was later referred to another magistrate judge.

A federal public defender was appointed to represent the petitioner (Docket No. 2). An amended petition was filed. (Docket No. 21). Respondents filed an answer (Docket No. 23) and petitioner, through counsel, filed a reply brief and response. (Docket Nos. 25 and 26).

The magistrate judge's Report and Recommendation, filed on March 19, 2010, recommended that the petition be dismissed and that a certificate of appealability be denied. (Docket No. 27). A few of the claims raised by petitioner were addressed on their merits and rejected, but the bulk of the claims raised by petitioner were found to be procedurally defaulted. The magistrate judge correctly concluded that no cause had been shown for the procedural defaults, and that the only way for petitioner to obtain review of the defaulted claims was to establish that the failure to do so would result in a miscarriage of justice. The magistrate judge, consistent with her obligation "not to make an independent factual determination about what

likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors," House v. Bell, 547 U.S. 518, 538 (2006), considered the new defense proposed by petitioner, the evidence petitioner presented in support of that new defense, and all the other proposed evidence, and concluded that petitioner's new proposed defense would not prevent a reasonable juror from finding her guilty. (Docket No. 27 at 30). Accordingly, the magistrate judge concluded that petitioner's claims were barred by procedural default.

Petitioner does not object to the rulings made by the magistrate judge with respect to the claims that were not subject to procedural default; rather, petitioner's objections center on the proposed ruling that her claims of ineffective assistance of counsel for failing to present a different defense at trial are barred by procedural default. Specifically, petitioner argues that the magistrate judge misconstrued her proposed defense in the following excerpt from the Report:

> At trial, Petitioner's defense was that she voluntarily, but falsely, confessed to the crime in an attempt to protect her daughter who had already confessed to the crime and implicated Petitioner. Petitioner now argues (with the benefit of hindsight) that such a defense stood no chance of success, and that trial counsel had a duty to explore other alternatives. Had trial counsel conducted a "social history investigation," Petitioner's "abused background" would have been discovered, and this information could then have been presented to "an appropriate mental health professional" (Doc. 21, p. 45). This would, according to Petitioner, have led to a finding that she had suffered much of her life from "post-traumatic stress disorder" and that Petitioner's "denial of the homicide . . . was **likely** a dissociative amnesia produced by post-traumatic stress disorder." (Doc. 21, ¶¶ 124, 130) (emphasis added). Simply put, the proposed alternative to the defense actually presented at trial is this: Sloan **did** help her daughter kill and then bury Willis Casteel, but she acted without specific intent due to a history of abuse since childhood, culminating in the abuse she suffered at Casteel's hands (battered woman's syndrome and post-traumatic stress disorder). Further, Sloan's mental condition was such that she likely did not recall these events when she confessed, and she still has no recollection of events (dissociative amnesia).

(Docket No. 27 at 27-28) (footnote omitted). The magistrate judge determined that the proposed defense was not conclusive evidence of actual innocence, and that a reasonable juror

could reject that defense and still find that petitioner and her daughter premeditated the murder of Willis Casteel ("Casteel").

Petitioner's counsel now states, however, that petitioner was not suffering from amnesia at the time of her confession. "Given petitioner's confession to police, she clearly did not suffer from dissociative amnesia at this time." (Docket No. 30 at 5-6). Petitioner, it is argued, only began suffering from "dissociation" at or near the time of trial, at which time she told trial counsel she wished to withdraw her confession. (Id. at 7).[1] This difference in the theory of petitioner's proposed defense, however, does not change the outcome of the Schlup analysis. At best, habeas counsel identified a defense that may have offered a better chance of success than the defense actually presented. The critical conclusion in the magistrate judge's Report, however, is unchanged, because the burden on petitioner is much higher than simply identifying a defense that might have succeeded–petitioner must establish that it is "more likely than not that no reasonable juror would have convicted [petitioner] in light of the new evidence." Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004).

A reasonable juror could find premeditation considering the evidence about the brutal nature of Casteel's murder, petitioner's confession that she discussed with her daughter "getting even" with Casteel, and the great efforts made by petitioner and her daughter to conceal the murder. Counsel's objection that a jury would not be able to ignore the proposed expert testimony of Dr. Sultan that petitioner "was unable to rationally plan her actions or to accurately perceive the consequences of those actions" (Docket No. 30 at 10) is not tenable. A reasonable jury could choose to disregard this expert opinion, particularly since there was evidence that petitioner acted deliberately and rationally leading up the confrontation, and afterward in

---

[1] This defense is inconsistent with petitioner's sworn testimony at trial that she intentionally fabricated her confession to protect her daughter.

disposing of the body. In this respect, the magistrate judge's comparison of this factual scenario to House is particularly compelling. If the court found a "close case" where new physical evidence tied another actor to killing, and existing physical evidence was strongly discredited, a case such as this where petitioner simply wants to try a different defense does not begin to make the required showing.

Petitioner argues that the magistrate judge erred in conjecturing that Dr. Dutton possibly did not request the social history history information counsel should have investigated. This objectionable reference was made in a footnote (Docket No. 27 at 27n.9) that is not material to the analysis and will not be relied upon the this court.

Likewise the magistrate judge's reference to an issue about how petitioner would have a difficult task to convince a jury that petitioner and her daughter could have avoided talking about the killing for fifteen years (Id. at 29) was not material to the analysis and will not be relied upon by this court.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, the following order is entered:

AND NOW, this 27th day of September, 2010,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED and a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Bissoon (Docket No. 27), dated March 19, 2010, with the exception of footnote 9 and the last paragraph on page 29, is adopted as the opinion of the court.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge